Leaderick, J.,
delivered the opinion of the court.
The plaintiff’s intestate instituted a suit in the Common Law and Chancery Court of the City of Memphis, on the law side of said court, in September, 1865, for $11,125, for work and labor done, and money paid, for the defendant, and for money had and received by the defendant for the plaintiff.
The defendant pleaded, among other defences, that in April, 1863, the City- of Memphis, where the parties to this suit then. resided, was under martial law and military rule, and that all civil courts were suspended; and that a civil commission was organized by the Federal Brigadier General then commanding *402 the district of Memphis, for the trial of suits and complaints instituted by loyal citizens of the United States, for the collection of debts and the enforcement of contracts, and in other respects to fill the place and perform the functions of the ordinary civil courts of the country; and that officers of the Missouri and Illinois cavalry service were appointed, or detailed for service, as commissioners, their judgments to be ■ binding when approved by the Brigadier General by whom they were appointed. The defendant further averred that in May, 1863, Heffernan voluntarily commenced suit upon the same cause' of action alleged in his •declaration, and the commissioners found, adjudged, and decided, the issues made in said cause in favor of the ■defendant, and the finding was approved by the General commanding, which finding and judgment remain in full force, and the defendant should not be required to plead to the same causes of action, etc.
Two other pleas are put in: — one that the proceedings before the “civil commission” were an arbitration, and their finding a valid award; the other, that the judgment of the “civil commission” in the suit before them estops the plaintiff from proceeding in this, etc.
At the April Term, 1872, of this court, at this place, m the case of Watt v. Thomasson, it was held, in an elaborate opinion by Ch. J. Nicholson, that the commanding officer at Memphis had no authority to establish a “civil commission” for the trial of civil suits between citizens; and that the judgment of the Law Court of Memphis, recognizing the validity of the judgment of the “civil com *403 mission/’ was erroneous, and that the latter was null and void.
Note. — See Jecleer v. Montgomery, 13 How., 498; Cross v. Harrison, 16 How., 164; Leitensdorfer v. Webb, 20 How., 176; The Grapeshot, 9 Wal., 129. See also Rutledge v. Fogg, 3 Col., 554, and Isbell r. Fanis, 5 Col., 426.
The court below sustained the plaintiff’s demurrer to the pleas, that the findings of the “civil commission” were, first, an award, and secondly, an estoppel.
The demurrer to the plea of “res adjudiecvta” was overruled. And the plaintiff declining to reply to the plea, judgment was rendered for the defendant, and the plaintiff appealed.
As before indicated, we think that the court erred in overruling the plaintiff’s demurrer. It should have been sustained as to each of the several pleas above mentioned.
There is nothing in the finding of the “civil commission” which would warrant the court in sustaining it as an award; while as a judgment it is a nullity.
Let the judgment of the court be reversed as to ■the plea of “res adjudicóla,” and let the cause be remanded for further proceedings.